IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| **ALVIN GREENE** § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 2:19-CV-305 |
| **ZIMMER, INC.,** § | |
| **ZIMMER HOLDINGS, INC., AND** § | JURY TRIAL REQUESTED |
| **ZIMMER ORTHOPAEDIC** § | |
| **SURGICAL PRODUCTS, INC.** | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**1.0**   This is a negligence, strict liability, and breach of warranty action arising out of the serious personal injuries of ALVIN GREENE as a result of the negligence, strict liability, and breach of warranty of Defendants ZIMMER, INC., ZIMMER HOLDINGS, INC., and ZIMMER ORTHO-PAEDIC SURGICAL PRODUCTS, INC.

**2.0   PARTIES**

2.1   Plaintiff: ALVIN GREENE, is an individual residing in Marshall, Harrison County, Texas, within the Eastern District of Texas, Marshall Division.

2.2 Defendants:

  a. ZIMMER, INC., 345 E. Main Street, Suite 400
     Warsaw, IN 46580, is a foreign corporation with its principal place of business outside the State of Texas, and may be served with process by serving its registered Agent for Service CORPORATION SERVICE COMPANY, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

  b. ZIMMER HOLDINGS, INC., 345 E. Main Street, Warsaw, IN 46580, is a foreign corporation with its principal place of business outside the State of Texas, and may be served with process by serving its registered Agent for Service CORPORATION SERVICE COMPANY, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

  c. ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC., 200 West Ohio Avenue, Dover, OH 44622, a foreign corporation with its principal place of business outside the State of Texas, and may be served with process by serving its registered

Agent for Service CORPORATION SERVICE COMPANY, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204

## 3.0 JURISDICTION

3.1   This court has original jurisdiction of this action under 28 U.S.C. § 1332.

3.2   Defendants are foreign corporations with their principal places in some state other than Texas, thereby creating a diversity of citizenship between Plaintiff and Defendants.

## 4.0 VENUE

4.1   Venue is proper in the Eastern District of Texas because a substantial part of the events giving rise to the claim made the basis of this cause of action occurred in the Eastern District of Texas, Marshall Division pursuant to 28 U.S.C. § 1391(a).

## 5.0 STATEMENT OF FACTS APPPLICABLE TO ALL COUNTS

5.1   On or about February 6, 2018, DR. DOUGLAS A. WALDMAN performed a right total knee replacement on Plaintiff, ALVIN GREENE. During such surgery, a knee implant believed to be tested, designed, manufactured and marketed by Defendant was implanted into Plaintiff, ALVIN GREENE'S right knee. Such right knee products are identified as follows:

(1)   Manufacturer: Zimmer
      Product:   NexGen® Complete Knee Solution
                 Stemmed Tibial Component Precoat, Size 4
      Lot#:      63873971
      EDI#:      00598003702
      Ref. No:   5980-37-02

(2)   Manufacturer: Zimmer
      Product:   NexGen® Complete Knee Solution
                 Legacy® Knee-Posterior Stabilized, Size E F 10 mm Height
      Lot#:      63699699
      EDI#:      00596403210
      Ref. No:   5864-32-10

(3)   Manufacturer: Zimmer
      Product:   NexGen® Complete Knee Solution
                 Taper Stem Plug
      Lot#:      63785337
      EDI#:      00596009900
      Ref. No:   5960-99

(4)   Manufacturer: Zimmer

**Plaintiff's Original Complaint**

    Product:  NexGen® Complete Knee Solution
         Legacy® Knee - Posterior Stabilized, Size F Right
         LPS-Flex Fernoral Component Option
         Zimaloy® Co-Cr-Mo Alloy Sterile
    Lot#:   63199090
    EDI#:   00596401652
    Ref. No:  5964-16-52

(5) Manufacturer: Zimmer
    Product:  NexGen® Complete Knee Solution
         All Poly Patella Standard, Size 29 8.0 mm Thickness
    Lot#:   63650841
    EDI#:   00587206529
    Ref. No:  5972-65-28

  5.2  Despite following all of his surgeon's instructions after his surgery, including rehabilitative programs, on or about February of 2019 the "Zimmer knee implant" broke and separated with the usual and expected use.

  5.3  Plaintiff returned to his surgeon, DR. DOUGLAS A. WALDMAN, and was subsequently referred by DR. WALDMAN to DR. JORDAN G. STANLEY for further treatment during March of 2019.  Treatment continued by DR. JORDAN STANLEY to rehabilitate right knee without success.

## 6.0 STRICT LIABILITY

  6.1  Plaintiff alleges that the knee implant system in question was designed, manufactured, tested, and marketed by Defendants or one of Defendants' subsidiaries.

  6.2  Plaintiff believes and alleges that Defendants ZIMMER, INC., ZIMMER HOLDINGS, INC., and/or ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC., knew or should have known that the knee implant was defective, unreasonably dangerous, and not fit for its intended purposes when used in a reasonably foreseeable manner, such as implantation in the human body as a replacement for the human knee.  Plaintiff pleads specifically that the knee implant known as a Zimmer knee implant was defective and that Defendants knew or should have known by reasonable testing that this particular knee implant had a propensity to fail, well beyond those of other competing knee implant manufacturer's products.

Defendants also knew or should have known through their design, manufacture, marketing, testing, and complaints received from the consuming public that the product was unsuitable for its intended purposes of implantation into the human body.

**7.0**   The knee implant at issue was not reasonably suited for its intended purposes.

**8.0**   Plaintiff believes and alleges that the specific knee implant in question was unreasonably dangerous in that the benefits of the specific knee implant was outweighed by the risk of harm to Plaintiff ALVIN GREENE and others similarly situated.

**9.0**   Plaintiff believes and alleges that there were, at the original manufacture and sale of the implants in question, reasonably, economically, and technologically alternative feasible designs and products which would have afforded users such as and including Plaintiff with the same or greater benefits, while significantly reducing the risk of failure of the knee implant itself.

**10.**   **NEGLIGENCE and GROSS NEGLIGENCE**

10.1   Plaintiff believes and alleges that the knee implant in question did not, at the time of manufacture and sale, comport with Zimmer's own standards and requirements for the product. Plaintiff further alleges that the proper testing for safety of the product when implanted into the human body was not done, or if done, was ignored and not reported to the Food and Drug Administration.

10.2   Defendants ZIMMER, INC., ZIMMER HOLDINGS, INC., and ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC., did not provide foreseeable customers such as and including Plaintiff, his physicians, hospital staff and/or other members of the medical community with reasonably sufficient information about the risks of using the Zimmer knee implants as opposed to their competitors in the marketplace which were safer and much less prone to failure.

10.3   Defendants owed Plaintiff a duty of reasonable care.

10.4   Defendants owed Plaintiff the duty to exercise care and to discover dangerous qualities and characteristics present in the Zimmer knee implant.

10.5   Defendants owed Plaintiff a duty to exercise ordinary care in the production, manufacture, sale, testing, and marketing of the knee implant system.

10.6   Defendants conduct acts and omissions constitute gross negligence for which Plaintiff prays for punitive damages.

10.7   Defendant's failure to do this constituted a proximate cause and/or a producing cause of Plaintiff's injuries and damages.

**11.    BREACH OF WARRANTY**

  11.1 <u>Express Warranty:</u> For breach of express warranty cause of action against Defendants, Plaintiff says that the Defendants knew or should have known that the knee implant in question was not suitable, not safe, and should not reasonably be used for its intended purpose as a replacement knee in the human body.

  11.2 The foregoing breach of warranty proximately caused Plaintiff's injuries and damages.

  11.3 <u>Breach of Implied Warranty:</u>   For the foregoing reasons, the knee implant system used in Plaintiff ALVIN GREENE'S knee breached the implied warranty of merchantability.

  11.4 Plaintiff notified Defendants of the above breach of the implied warranty of merchantability within a reasonable time after Plaintiff's discovered, or should have discovered, such breach.

  11.5 The foregoing breach of warranty proximately caused Plaintiff's injuries and damages, more particularly set forth below.

**12.    DAMAGES**

  12.1 Plaintiff suffered, sustained, and incurred, and in reasonable medical probability will suffer, sustain, and incur, the following injuries and damages as a producing or a proximate result (or both) of Defendants' conduct, the defective knee implants, or both, among others:

   A. physical pain, past and future;
   B. mental suffering past and future;
   C. physical impairment, past and future;
   D. physical disfigurement, past and future;
   E. reasonable and necessary medical bills, past and future;
   F. loss of enjoyment of life, past and future;
   G. punitive damages for gross negligence
   H. reasonable and necessary attorneys' fees; and
   I. costs of court.

**13.0    JURY DEMAND**

  Plaintiff requests trial by jury.

**14.0    PRAYER**

  Plaintiff prays that Defendants be cited to appear herein, and that upon final trial, Plaintiff has judgment against Defendants for the following, among other things:

A. Actual damages in an amount above the minimal jurisdictional limits of this Court;
B. Punitive damages
C. Pre-judgment interest according to Texas law;
D. Post-judgment interest according to Texas law;
E. Costs of court;
F. Attorneys' fees; and
G. Such other and further relief to which Plaintiff shows himself justly entitled to receive.

Respectfully submitted,

DAN STROUP, PC
3400 W. Marshall Ave., Ste. 403
Longview, Texas 75604
Telephone: (903)295-2200
Facsimile: (903)295-2171
E-Mail: dstroup@danstroup.com
State Bar No. 19425200

Blake C. Erskine
ERSKINE & McMAHON, LLP
P. O. Box 3485
Longview, Texas 75606
Telephone: (903)757-8435
Facsimile: (903)757-9429
E-Mail: blakee@erskine-mcmahon.com
State Bar No.  06649000

By:   */s/ Blake C.Erskine*
        Blake C. Erskine

ATTORNEYS FOR PLAINTIFF,
ALVIN GREENE